NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM ALBRO,

Plaintiff-Appellant,

v.

RICHARD V. SPENCER, Secretary of the
United States Department of the Navy;
THOMAS B. MODLY,

Defendants-Appellees.

No.    20-15981

D.C. No.
1:18-cv-01156-DAD-JLT

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted June 18, 2021
San Francisco, California

Before: BRESS and BUMATAY, Circuit Judges, and RAYES,** District Judge.

William Albro brought suit against his employer, the United States Navy,

under Title VII of the Civil Rights Act of 1964. He alleged in his First Amended

Complaint ("FAC") that the Navy discriminated against him based on his non-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

affiliation with the Church of Jesus Christ of Latter-day Saints ("LDS Church"), and that the Navy retaliated against him when he reported such discrimination. The district court granted the Navy's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). We review de novo, *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021), and we affirm in part, reverse in part, and remand.

1. Albro adequately alleged discriminatory treatment. A plaintiff properly pleads discriminatory treatment under Title VII when he alleges sufficient facts to make plausible that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004). The parties do not dispute that Albro adequately pled the first three elements.

For the fourth element, Albro alleged that a colleague, Ephraim Washburn, continually attempted to recruit him to the LDS Church after Albro started working at the Navy's China Lake research facility. While Washburn succeeded in recruiting Albro's wife, Albro never joined and his wife later dissociated from the Church. Several years later, Washburn became Albro's direct supervisor. Albro alleges that at that point Washburn carried out a series of hostile actions against him because of

2

Albro's resistance to joining the LDS Church. According to Albro, Washburn's discriminatory actions culminated in the Navy taking several adverse employment actions against him. For example, even though Albro alleges he was a valued worker, he learned that Navy management planned to reassign him "at Washburn's direction." Albro further alleges that the Navy initiated an investigation into his workplace conduct "as a result of Washburn's influence and direction." The investigation led to Albro's suspension, and the planned reassignment followed.

Albro's FAC alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Navy argues that Albro's allegations of Washburn's involvement in Albro's reassignment and suspension are conclusory, those allegations are neither "legal conclusions" nor "[t]hreadbare recitals of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Given the substantial history of Albro's adverse interactions with Washburn concerning the LDS Church and Washburn's later supervisory role over Albro, Albro has plausibly alleged he suffered discriminatory treatment.

2. Albro's retaliation claim, however, is not adequately alleged. To plead a retaliation claim, Albro was required to allege "(1) involvement in protected activity . . . , (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action." *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006). The employee's protected conduct must be a but-for cause of the allegedly

3

retaliatory action. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).

Here, Albro alleges that he engaged in protected activity when he complained to a manager and human resources representative that Washburn should not be his supervisor because he had baptized Albro's wife and continued to attempt to recruit Albro to the LDS Church. He also complained that LDS Church members were treated better than he was. Albro further contacted an Equal Employment Opportunity Office to formalize his complaint.

Even so, Albro never alleges that the managers who suspended and reassigned him even knew of his protected activity. *See Freitag*, 468 F.3d at 542 (whether the plaintiff-employee's superiors "were aware" that she had complained of a Title VII violation was the "dispositive question"). Neither does he suggest that Washburn was aware of his protected activities. To the contrary, Albro consistently alleged that Washburn was motivated by his displeasure with Albro's refusal to join the LDS Church. Accordingly, Albro has not plausibly alleged that his suspension or reassignment were the result of his protected activities.

We therefore **AFFIRM** the dismissal of Albro's retaliation claim but **REVERSE** the dismissal of his discriminatory treatment claim and **REMAND** for further proceedings.

4